UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ROCKY T. HOPKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of the Social Security Administration,<br><br>    Defendant. | CAUSE NO.: 4:17-CV-36-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) [ECF No. 26], filed on February 11, 2020. For the reasons stated below, the request is GRANTED.

**BACKGROUND**

On May 4, 2017, the Plaintiff filed a Complaint [ECF No. 1] in which he sought "to review a decision of the Social Security Commissioner denying plaintiff's application for Social Security benefits for lack of disability." Compl. ¶ 1, ECF No. 1. On December 5, 2018, the Court reversed the Commissioner's decision and remanded for further proceedings. Op. & Order, p. 21, ECF No. 18. Thereafter, the Court granted the Plaintiff's request for $3,486.50 in fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *See* Order, ECF No. 25.

On January 13, 2020, the Commissioner determined that the Plaintiff was eligible for past due benefits in the amount of $67,283.62. *See* Ex. D, Explanatory Letter, ECF No. 27-4; *see also* Ex. B, Notice of Decision, p. 5, ECF No. 27-2. The Plaintiff had previously agreed to pay his attorney as follows:

> I agree that if any of my claim(s) progress to the U.S. Courts and is then favorably decided, then my attorney may elect to motion the U.S. Courts to approve a fee of 25% of all past due benefits without limitation pursuant to 42 U.S.C. section 406(b) for the work done before the U.S. Courts.

Ex. A, Fee Agreement, p. 1, ECF No. 27-1.

In the instant motion, Attorney Matthew Richter seeks $16,820.90 in attorney fees.[1] *See* Pl.'s Mem. in Supp. of Mot. for an Award of Attorney's Fees under 42 U.S.C. § 406(b), p, 1, ECF No. 27. Counsel states that the requested amount is consistent with the above-mentioned fee agreement. *Id.* at 4. Counsel argues that the requested fees are reasonable given the contingent nature of the representation and the results he obtained for his client. *Id* at 4–5. Counsel avers that his office extended 12.9 hours of attorney time and 11 hours of staff time during the course of the litigation. *Id.* at 5 (citing Ex. E, Time Log, ECF No. 27-5). Counsel indicates that he will refund the previously awarded EAJA fees. *Id.* at 6. The Defendant did not object to the request for attorney fees. *See* Response, ECF No. 28.

## ANALYSIS

Counsel, subject to refunding $3,486.50 in EAJA Fees, requests $16,820.90 in attorney fees pursuant to 42 U.S.C § 406(b). For the reasons stated below, this request is granted.

"The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b)." *Hoover v. Saul*, No. 1:16-CV-427, 2019 WL 3283047, at *1 (N.D. Ind. July 22, 2019) (citing *Culberston v. Berryhill*, 139 S. Ct. 517, 520 (2019)). "Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented

---

[1] Counsel actually requests $16,820.91 in attorney fees. However, the requested amount is one penny over the twenty-five percent cap on attorney fees. *See* 42 U.S.C. § 406(b)(1)(A) ("the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .")). The Court will construe counsel's request so as to comply with this requirement.

the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled." *Hoover*, 2019 WL 3283047, at *1. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Id.* at *4 (citing *Gisbrecht v. Barnhardt*, 535 U.S. 789, 807 (2002)). Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht*, 535 U.S. at 807. Likewise, "an award of EAJA fees under 42 U.S.C. § 2412 offsets an award under § 406(b)." *Hoover*, 2019 WL 3283047, at *1 (citing *Gisbrecht*, 535 U.S. at 796).

The Court finds that $16,820.90 in attorney fees is consistent with the relevant fee agreement. *See* Fee Agreement, p. 1, ECF No. 27-1. Additionally, this amount is reasonable. Counsel indicates that his office spent extended 12.9 hours of attorney time and 11 hours of staff time during the course of the litigation. *See* Ex. E, Time Log, ECF No. 27-5. In the aggregate, this results in an effective hourly rate of $703.80. This effective hourly rate is comparable to fees which have been approved in similar cases. *See, e.g.*, *Hoover*, 2019 WL 3283047, at *4 (effective hourly rate of $800); *Hill v. Comm'r of Soc. Sec.*, No. 1:11-CV-134, 2016 WL 2643360, at *4 (N.D. Ind. May 10, 2016) (effective hourly rate of $810); *Bianco v. Colvin*, No. 3:14-CV-98, 2016 WL 1295926, at *3 (N.D. Ind. Apr. 4, 2016) (effective hourly rate of $825). The Court also emphasizes that the attorney wrote a well-reasoned Opening Brief [ECF No. 11] and Reply Brief [ECF No. 15] which ultimately resulted in an award of past due benefits in the amount of $67,283.62. Counsel's request for fees is certainly reasonable given the contingent nature of this case and the results achieved for his client. *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011). Thus, the Court grants the request for attorney fees.

## CONCLUSION

For the reasons stated above, the Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) [ECF No. 26] is GRANTED. The Court AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $16,820.90. The Court ORDERS the Plaintiff's attorney to refund the $3,486.50 in EAJA fees previously awarded in this case.

SO ORDERED on May 13, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
